UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **CRAIG STEVENS** | : | **CIVIL ACTION NO. 2:13-cv-2108** |
| **VERSUS** | : | **JUDGE MINALDI** |
| **VIC SALVADOR, ET AL.** | : | **MAGISTRATE KAY** |

### REPORT AND RECOMMENDATION

Before the court is the civil rights complaint under 42 U.S.C. § 1983 filed *in forma pauperis* by *pro se* plaintiff Craig Stevens ("plaintiff"). At the time of filing, plaintiff was an inmate in the custody of Louisiana's Department of Public Safety and Corrections ("LDOC") and was incarcerated at Calcasieu Correctional Center ("CCC") located in Lake Charles, Louisiana. He has since been released from custody. Doc. 5, p. 1. As defendants, plaintiff names: CCC Chief Warden Vic Salvador; CCC Warden Daniel Burkhalter; CCC Work Release Coordinator Rose Leblanc; LDOC Specialist/Analyst Amanda Ammann; and, LDOC Secretary James Leblanc.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the following reasons **IT IS RECOMMENDED** that the complaint be **DISMISSED WITH PREJUDICE.**

### I. BACKGROUND

Plaintiff claims that he was denied participation in the transitional work release program despite meeting all of the eligibility requirements for the program. Plaintiff states that he was

wrongfully denied admission based on prior convictions that the LDOC does not list as offenses rendering an inmate ineligible.

Plaintiff seeks: (1) declaratory relief; (2) compensatory damages equal to the compensation that he would have earned in the program; (3) punitive damages for mental anguish, stress, anxiety, and psychological profiling; and (4) to have this court order CCC and the LDOC to formulate and institute a uniform approval process for participation in the work release program.  Doc. 1, pp. 6–7.

## II. LAW AND ANALYSIS

### A. Frivolity Review

Plaintiff has been granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. Under that statute, a district court is directed to dismiss an action if the court determines that the action is: (1) frivolous or malicious; or (2) fails to state a claim on which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii); *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). A complaint is frivolous if it lacks an arguable basis in law or fact.  *Gonzalez v Wyatt,* 157 F.3d 1016, 1019 (5th Cir. 1998) (*citing Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997)).  A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief.  *Doe v. Dallas Independent School District*, 153 F.3d 211, 215 (5th Cir. 1998).  When determining whether a complaint is frivolous or fails to states a claim upon which relief may be granted, the court must accept plaintiff's allegations as true.  *See Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1996) (frivolity); *Bradley,* 157 F.3d at 1025 (failure to state a claim).

Accepting all of plaintiff's allegations as true and giving plaintiff the benefit of every doubt, the court concludes that he has failed to state a claim for relief, that his claims are frivolous as a matter of law, and that his complaint should therefore be dismissed.

### B. *Work Release*

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Hessbrook v. Lennon*, 777 F.2d 999, 1005 (5th Cir.1985). Plaintiff claims that the defendants deprived him of his right to participate in the work release program and, in essence, violated his right to Due Process and Equal Protection. However, plaintiff has neither a liberty nor property interest in the work release program, and therefore this claim is frivolous.

The Louisiana statute establishing the work release program provides in pertinent part that "the [LDOC] shall establish rules for the administration of the work release program and shall determine those inmates who may participate in the release program." La. R.S. §15:1111(B). In *Welch v. Thompson*, the Fifth Circuit determined that La. R.S.15:1111 entrusts total control over the work release program to the LDOC, and that the statute does not dictate which prisoners the LDOC must put on work release. 20 F.3d 636, 643–44 (5th Cir. 1994). As such, the statute does not create a liberty interest subject to the Due Process Clause. *Id.* at 644. Since the statute does not create a protected liberty interest for eligible prisoners, plaintiff cannot show that a constitutional right has been violated in this case.

To the extent that plaintiff also implies that he was deprived of a "property interest" as in violation of the due process clause, such an argument also lacks an arguable basis in law and fact. The Fifth Circuit has held that prisoners have no protected property interest in work-release

employment. *Bulger v. United States Bureau of Prisons*, 65 F.3d 48, 50 (5th Cir. 1995). Plaintiff is not entitled to participate in the Louisiana work release program and such claims are subject to dismissal as frivolous.

Furthermore, to the extent that plaintiff raises an equal protection claim, his claim is without merit. "To state an equal protection claim, [a prisoner] must allege, *inter alia*, that similarly situated individuals have been treated differently and he must also allege purposeful or intentional discrimination." *McKnight v. Eason*, 227 Fed. App'x. 356 (5th Cir. May 4, 2007). "A prisoner must show that the prison official acted with a discriminatory purpose and thus cannot base an equal protection claim solely on a personal belief that he was a victim of discrimination. . . . Vague and conclusory allegations [of discrimination] are insufficient to raise an equal protection claim." *Jebril v. Joslin* 2008 WL 416240 at *8 (S.D. Tex. 2008) (citing *Woods v. Edwards*, 51 F.3d 577, 580 (5th Cir. 1995) (per curiam); *Pedraza v. Meyer*, 919 F.2d 317, 318 n.1 (5th Cir. 1990) (per curiam)).

Plaintiff alleges that the defendants discriminated against him by not applying equal standards in the review and recommendation process for participation in work release. He claims that the defendants showed favoritism to the inmates that were accepted into the program. However, plaintiff presents no facts or evidence to support his assertions, other than his conclusory and vague allegation that other inmates were allowed into the work release program when he was not. This unsupported and conclusory allegation is insufficient to state a claim for which relief can be granted.

Finally, plaintiff asks to have this court order CCC and the LDOC to formulate and institute a uniform approval process for participation in the work release program. This relief is

not available through this complaint. The court's duty is to review the plaintiff's compliant for alleged violations of his constitutional rights, not to implement prison policy.

### III. CONCLUSION

For the foregoing reasons:

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed. R. Civ. Proc. 72(b), any party aggrieved by this Report and Recommendation has 14 days from its service to file specific, written objections with the clerk of court. A party may respond to another party's objections within 14 days after being served with a copy thereof.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation 14 days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE this 23rd day of July, 2014.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE